IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV444-03-MU

| | |
|---|---|
| ROBERT H. DIXON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>R. DAVID MITCHELL, Superintendent )<br>Mountain View Correctional Institution; )<br>DR. ROBERT UHREN, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 filed on September 22, 2008 (Document No. 1.).

Plaintiff, a state inmate at Mountain View Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 against R. David Mitchell, Superintendent of Mountain View Correctional Institution and Dr. Robert Uhren alleging that he asked to have his prescription Tylenol refilled and increased in strength because of persistent pain but, despite following proper procedures as recommended by the medical department, he still has not gotten his prescription refilled. (Complaint at 4.)[1] Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

As an initial matter, the Court notes neither Defendant is mentioned in the Complaint except in the caption. There are no specific allegations against either defendant and for that reason,

---

[1] Plaintiff explains in his Complaint that he fell in December 2007 and dislocated his shoulder. The Tylenol is for the pain associated with Plaintiff's December 2007 fall.

1

Plaintiff's Complaint is dismissed. Furthermore, there is no allegation in the Plaintiff's Compliant that Mr. Mitchell ever had any personal contact with the Plaintiff; therefore there can be no individual liability as to Defendant Mitchell. Therefore the claim against Mr. Mitchell can only be construed as a claim under a theory of supervisory liability. The doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Based on the facts as stated in Plaintiff's Complaint, there is no basis upon which to attach supervisory liability to Mr. Mitchell. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Mitchell then is if Mr. Mitchell acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Mitchell had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the complaint of deliberate indifference to Plaintiffs' medical needs, specifically the failure to refill Plaintiff's prescription Tylenol, simply does not establish that Mr. Mitchell knew of any unreasonable risk to Plaintiff's health. Therefore, Plaintiff has failed to state a claim against Mr. Mitchell and Mr. Mitchell is dismissed.

With respect to Defendant Dr. Uhren, the Court first notes that Dr. Uhren is not mentioned in the body of the Complaint. To the extent that Plaintiff is arguing that Dr. Uhren had anything to do with the decision not to refill his prescription Tylenol, Plaintiff has not made such an argument.

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estelle, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, simple negligence is not a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

Applying the above law to Plaintiff's allegations and in reviewing the exhibits in support of Plaintiff's Complaint, Plaintiff has not met his burden in stating a deliberate indifference claim.

3

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a claim for relief. This Court has examined Plaintiff's conclusory Complaint and finds Plaintiff's Complaint is so vague and lacking in fact that, even giving the Plaintiff the benefit of liberal pleadings given to pro se prisoners, this Court cannot find facts supporting deliberate indifference. Plaintiff has not articulated any allegations that satisfy the requirements for stating a claim for inadequate medical care under the Eighth Amendment. Therefore, Plaintiff's claim is dismissed for failure to state a claim for relief.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: September 23, 2008

Graham C. Mullen
United States District Judge